FILED

2009 Sep-30  AM 11:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KENNY NEWMAN, an individual**<br>**and KAROL NEWMAN, an individual,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | _____ |
| **PROGRESSIVE FINANCIAL**<br>**SERVICES, INC., a Corporation** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>NOTICE OF REMOVAL</u>

**COMES NOW** defendant Progressive Financial Services, Inc. ("Defendant"), by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Alabama and Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court, Northern District of Alabama, Southern Division.  In support of this notice of removal, Defendant states as follows:

1778499 v1

## I.   __INTRODUCTION__

1.     Plaintiffs Kenny Newman and Karol Newman ("Plaintiffs") commenced this action by filing a complaint against Defendant in the Circuit Court of Jefferson County, Alabama, Case Number CV-2009-902785 on August 26, 2009.

2.     Plaintiffs' complaint asserts claims against Defendant relating to alleged harassing phone calls to their residence. (Complaint, p. 2.) Plaintiffs specifically contend that Defendant, through its agents, violated the Fair Debt Collection Practices Act ("FDCPA") in allegedly using harassing collection methods. (*Id.*, pp. 4-5.) Additionally, as a result of these collection techniques, Plaintiffs allege that Defendant invaded their privacy by intruding upon their seclusion, was negligent, wanton and/or intentional in the hiring and supervision of its alleged agents, and acted with negligent, wanton and/or intentional conduct when dealing with Plaintiffs. (*Id.*, pp. 5-8.)

3.     Based on this alleged conduct, Plaintiffs attempt to assert a federal claim under the FDCPA and other state law claims for invasion of privacy, negligent, wanton and/or intentional hiring and supervision, and negligent, wanton and/or intentional conduct. (*Id.*) Based on these claims, Plaintiffs seek recovery of attorney's fees, statutory damages, and actual damages under the FDCPA, as well

as actual and punitive damages under Alabama state law "in excess of $75,000." (*Id.*, pp. 8-9.)

4.     This case is properly removable pursuant to 28 U.S.C. § 1441 because both federal question jurisdiction and diversity jurisdiction are present.   Section 1441 provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.   Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a).

## II.     FEDERAL QUESTION JURISDICTION

5.     Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."   28 U.S.C. § 1331.   Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint.   *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.     This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiffs are asserting a claim against Defendant based upon alleged violations FDCPA, which is a federal consumer protection statute.   *See* Complaint, p. 2; *see also* 15 U.S.C. § 1692 *et seq.*   Accordingly, this

claim asserted by Plaintiffs in their complaint arises under the laws of the United States and could have been originally filed in this Court.

## III.   DIVERSITY JURISDICTION

7.     This action is also properly removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between --
>
> (2) citizens of a State and citizens or subjects of a foreign state.

### A.   The Diversity of Citizenship Requirement is Satisfied.

8.     There is complete diversity of citizenship between Plaintiffs and Defendant in this action.

9.     Based on the allegations in their Complaint, Plaintiffs are resident citizens of the State of Alabama. (*See* Complaint, ¶¶ 2-3.)

10.     Defendant is a Pennsylvania corporation with its principal place of business also located in Pennsylvania. Thus, for diversity jurisdiction purposes, Defendant is a citizen of the State of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

11.     Therefore, there is complete diversity among the parties.

**B.**     <u>**The Amount In Controversy Requirement is Satisfied.**</u>

12.     The amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs based on the face of Plaintiffs' complaint.

13.     Plaintiffs' Prayer for Relief requests a "judgment in excess of $75,000 to be entered against Defendant." (Complaint, p. 8.) Therefore, the amount in controversy requirement is satisfied and this Court also has diversity jurisdiction over Plaintiffs' Complaint.

## IV.     ADOPTION AND RESERVATION OF DEFENSES

14.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Ala. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V.     PROCEDURAL REQUIREMENTS

15.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

16.     True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Defendant to date in this case.

17.     Defendant was not served with process in this matter until September 2, 2009.  Accordingly, this notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

18.     Defendant has heretofore sought no similar relief.

19.     The United States District Court for the Northern District of Alabama, Southern Division, is the court and division embracing the place where this action is pending in state court.

20.     Contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the clerk of the Circuit Court of Jefferson County, Alabama and a notice of filing notice of removal.  Written notice of the filing of this notice of removal has also been served upon the Plaintiffs.

21.     Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to

remove this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted,

Alan Leeth (LEE038)
R. Frank Springfield (SPR024)
Zachary D. Miller (MIL135)

Attorneys for Defendant
PROGRESSIVE FINANCIAL SERVICES, INC.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
aleeth@burr.com
fspringf@burr.com
zmiller@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 30th day of September, 2009:

John G. Watts
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

M. Stan Herring
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

OF COUNSEL

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-902785.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### KENNY NEWMAN ET AL v. PROGRESSIVE FINANCIAL SERVICES, INC.

**NOTICE TO**  PROGRESSIVE FINANCIAL SERVICES, INC., CO CORPORATION SERVICE CO 503 SOUTH PIERRE STREET, PIERRE, SD 57501

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   KENNY NEWMAN
   pursuant to the Alabama Rules of the Civil Procedure

| 8/26/2009 8:38:16 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JOHN GRIFFIN WATTS
                                         Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date                          Server's Signature



| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**01-CV-200**<br>Date of Filing:<br>08/26/2009 | ELECTRONICALLY FILED<br>8/26/2009 8:38 PM<br>CV-2009-902785.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### KENNY NEWMAN ET AL v. PROGRESSIVE FINANCIAL SERVICES, INC.

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other:   FDCPA

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes   ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   WAT056     8/26/2009 8:33:07 PM     /s JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:**   ☐ Yes   ☑ No   ☐ Undecided

ELECTRONICALLY FILED
8/26/2009 8:38 PM
CV-2009-902785.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| KENNY NEWMAN, an individual and KAROL NEWMAN, an individual, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: ) |
| PROGRESSIVE FINANCIAL SERVICES, INC., a Corporation, | ) ) ) |
| Defendant. | ) |

### COMPLAINT

**COME NOW** the Plaintiffs, by and through counsel, in the above styled cause, and for

Plaintiffs Complaint against the Defendant states as follows:

1.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15

    U.S.C. § 1692 et seq. ("FDCPA"), and out of the invasions of Plaintiff's personal and

    financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer

    debt from Plaintiff.

### PARTIES

2.  Plaintiff Kenny Newman (hereinafter "Plaintiffs") is a natural person who is a resident of

    Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3.  Plaintiff Karol Newman (hereinafter "Plaintiffs") is a natural person who is a resident of

    Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant Progressive Financial Services, Inc., ("Defendant" or "Progressive") is a

    foreign corporation that engages in the business of debt collection.  It conducts business

    in Alabama.  Its principal place of business is the State of Pennsylvania and it is

    incorporated in Pennsylvania.

-1-

5.  The individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.  Defendant allegedly purchased or was assigned a debt and began harassing collection activities against Plaintiffs.

7.  In August, 2009, Defendant Progressive contacted Plaintiffs and wanted to speak with "Christy" Newman.[1]

8.  Plaintiffs have told Defendant on several occasions that "Christy" Newman did not live there and Plaintiffs do not know a "Christy" Newman.

9.  Defendant has continued the harassing collection activities against Plaintiffs after Plaintiffs have repeatedly told Defendant they do not know "Christy" Newman and it is not their debt.

10.  As Defendant knows that Plaintiffs claim to not know a "Christy" Newman and Defendant still is calling, there is no bona fide error defense and no excuse for violating state law.

11.  Defendant continues to call in an effort to harass Plaintiffs over a debt that is not their debt.

12.  Supposedly, this is a consumer debt that this abusive debt collector is seeking to collect.

13.  The Defendant's website claims its collection motto is "Mediation, not Confrontation."

14.  Apparently with respect to the Plaintiffs, the motto has changed to "Harassment until you pay."

15.  Defendant's website says the Defendant is "the best you can find in the collection field."

16.  Based upon the misconduct towards Plaintiffs, this is untrue.

17.  This misconduct has been and continues to be very distressing and upsetting to the Plaintiffs.

---

[1] Plaintiffs do not know the spelling of this woman's name as they do not know any such person and have received no letters from Defendant with the spelling of the name.

## SUMMARY

18.    The above-described collection communication by Defendant and collection agents of Defendant was made in violation of numerous and multiple provisions of the FDCPA.

19.    The above-detailed conduct by this Defendant of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiffs.

20.    The collection calls by Defendant and its agents caused Plaintiffs enormous stress and anguish as a result of these calls.

21.    Defendant's attempt to collect this debt from Plaintiffs and refusal to stop violating the law was an invasion of Plaintiffs privacy and their right to be left alone.

22.    Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiffs and caused them unnecessary distress.

23.    Plaintiffs have suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of Defendant.

## RESPONDEAT SUPERIOR LIABILITY

24.    The acts and omissions of Defendant's agents who communicated with Plaintiffs as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

25.   The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

26.   By committing these acts and omissions against Plaintiffs, these other debt collectors were motivated to benefit their principal the Defendant.

27.   Defendant is therefore liable to Plaintiffs through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiffs.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

28.   Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

29.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.   The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiffs.

31.   As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32.    Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

33.    Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

34.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

35.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

36.     Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

37.     Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by making illegal contact about this debt to third parties, and thereby invaded Plaintiffs' right to financial privacy.

38.     Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

39.     Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

40.     The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

41.     As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

42.     All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

43.   Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

44.   Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs, and is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

### COUNT IV

### NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

45.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

46.   Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

47.   Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

48.   It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

49.   Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

50.   Defendant invaded the privacy of Plaintiff as set forth in Alabama law.

51.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

52.   As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment in excess of $75,000 be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- for such other and further relief as may be just and proper.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT III.

### NEGLIGENT AND WANTON HIRING AND SUPERVISION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

- punitive damages; and

- for such other and further relief as may be just and proper.

## <u>COUNT IV.</u>

### NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

-9-

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

-10-

**Serve defendant via certified mail at the following address:**

Progressive Financial Services, Inc.
c/o Corporation Service Company
503 South Pierre Street
Pierre, SD 57501-4522

ELECTRONICALLY FILED
8/26/2009 8:38 PM
CV-2009-902785.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| KENNY NEWMAN, an individual )<br>and KAROL NEWMAN, an individual, )<br>)<br>    **Plaintiffs,** )<br>)<br>**v.** )<br>)<br>PROGRESSIVE FINANCIAL )<br>SERVICES, INC., a Corporation, )<br>)<br>    **Defendant.** ) | **Civil Action No.:** |

---

### PLAINTIFF'S INTERROGATORIES, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR PRODUCTION OF STATEMENTS

---

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

### INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.   The date of the document;

b.   The type of document;

c.   The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.   The name of the employer or principal whom the signers, addressers and preparers were representing;

e.   The present location of the document;

f.   The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.   A summary of the contents of the document; and

h.   If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there

are no such documents, please so state.  If there are such documents, please list and mark appended documents responsive to each request.  (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them.  An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it.  If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## **INTERROGATORIES**

**Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:**

1.      For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

      a.      First, last, and middle legal name;

      b.    All DBA, fake, or alias name(s) used by this person;

      c.    Job title or capacity;

      d.    Business address and telephone number;

      e.    Home address and telephone number;

      f.    Age;

2.    Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3.    Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

      a.    First, last, and middle legal name;

      b.    All DBAs, fake, or alias name(s) used by this person;

      c.    Job title or capacity;

      d.    Business address and telephone number;

      e.    Home address and telephone number;

      f.    Age;

      g.    State the general substance of each person's knowledge.

4.    Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:

      a.    The training content, timing, and duration;

      b.    All documents and audio or visual materials used in such training; and

      c.    Each person involved in providing such training.

5.    Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's

employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

6.   Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

7.   Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts for the previous three years and up through the present.

8.   Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records for the previous three years and up through the present.

9.   Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

10.  Identify whether any or all of the Defendants recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

11.  Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

12.   In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

13.   Identify and describe each communication, or attempted communication, between the Defendants and the Plaintiff, or any other person, which is in any way related to the Plaintiff or the Plaintiff's alleged debt, by stating the following:

 a. The name of the individual initiating communication;

 b. The name of the person and/or description of the person to whom the communication was directed;

 c. The date and time of the communication;

 d. The method of the communication (e.g. letter, phone call, in-person);

 e. A detailed description of the substance of the communication, (do not simply refer to collection notes);

 f. Identification of all witnesses to or participants in the communication; and,

 g. Any actions taken by any Defendant as a result of the communication.

14.   Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

15.   Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available

at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

16.   Identify the full legal name, address, telephone, position, and title of all former employees of Defendants who in any manner were involved with the account of the Plaintiffs for a period of three (3) before the date of this request to the present.

17.   Identify all lawsuits brought against Defendants at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

18.   Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

19.   If you are asserting a bona fide error defense, identify all persons, documents, and policies that apply or relate to the defense and states in detail the following:

a.   The basis of the defense;

b.   The procedures you have in place to avoid a violation of the FDCPA; and

    c.      What caused the FDCPA to be violated despite your procedures to avoid such a violation.

20.    Please identify all suits you have filed in Alabama within the last two years to collect debts, stating the following:

    a.      Number of suits.

    b.      Style of suits.

    c.      Local trial counsel retained to file and litigate said collection suit

21.    Had you retained Alabama trial or collection counsel to file suit on your behalf against Plaintiff at the time you contacted the plaintiff in an attempt to collect the alleged debt.  If so, please identify said counsel.

22.    Had you drafted or direct someone to draft a copy of the lawsuit against the Plaintiff at any time up to the date you were served with a copy of Plaintiff's suit.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

**Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents as they may desire:**

1.    Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2.    Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas:

    a.      Collection policies;

    b.      Collection procedures;

    c.      Collection methods;

    d.      Collection techniques;

    e.      Collection tactics;

    f.      Collection rules;

    g.      Collection regulations; and

    h.      Compliance with local, state, or federal laws, codes, or regulations.

3.     Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or who are agents of Defendants or supervised by Defendants for the three (3) years prior and up to the present.

4.     Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts for the three (3) years prior and up to the present.

5.     Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities, for a period of three (3) years before the date of this request to the present.

6.     Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject

of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiffs.

7.   Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiffs reside.

8.   Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

9.   Any and all documents or recordings documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiffs, including but not limited to:

   a.   Records of all inbound or outbound telephone calls, to or from any Plaintiff;

   b.   Records of all inbound or outbound United States mail, to or from any Plaintiff.

   c.   Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

10.  Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiffs' name, address, telephone number(s), account number, or any other information which is personally identifiable to any Plaintiff.

11.  A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

12.  Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of five (5) years to the present.

13.   Exemplars of any and all documents of whatever kind given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of five (5) years to the present.

14.   Please produce a list of all collection suits you have filed in Alabama within the last two years.

### REQUEST FOR PRODUCTION OF STATEMENTS

**Pursuant to Rule 26 and 34 of the Rules of Civil Procedure, Plaintiff demands that copies of the following be made available:**

1.   All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.

### REQUEST FOR ADMISSIONS

**Pursuant to the Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:**

1.   The debt being collected is a consumer debt as defined by the FDCPA.

2.   You are a "debt collector" as defined by the FDCPA.

3.   You understand you are not allowed by the FDCPA to contact a third-party except to obtain location information.

4.   You understand you cannot make any misrepresentation to the Plaintiff in your debt collection activities.

5.   You understand you cannot threaten Plaintiff with any act that you are prohibited from taking.

6.   You understand you cannot threaten Plaintiff with any act you do not intend to take.

7.      You understand you cannot use insulting language towards the Plaintiff.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
 (205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**SERVE WITH THE SUMMONS AND COMPLAINT**

- 13 -

ELECTRONICALLY FILED
8/26/2009 8:38 PM
CV-2009-902785.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| KENNY NEWMAN, an individual<br>and KAROL NEWMAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSIVE FINANCIAL<br>SERVICES, INC., a Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.:

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF PROGRESSIVE FINANCIAL SERVICES, INC.

Take notice, that the Plaintiff will take the deposition of the following entities or individuals pursuant to the Rules of Civil Procedure.  The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition.  The deposition will continue until completed.

**DEPONENT:**       **Corporate Representative of Progressive Financial Services, Inc.**

**DATE:**             **November 20, 2009**

**TIME:**             **9:00 a.m.**

**PLACE:**            **Watts Law Group, P.C.**
**The Kress Building**
**301 19th Street North**
**Birmingham, AL 35203**

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate

Defendant must designate an individual to testify as to the following matters:

1.       The Defendant's investigation into the claims made by Plaintiffs in their Complaint;

2.     The methods, practices, techniques and strategies used by Defendant in training collection their collection employees;

3.     The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

4.     The management, supervision, and discipline of all Defendant's and its collection employees;

5.     The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

6.     The use of alias names by any Defendant and or employee of any Defendant in the collection of accounts;

7.     All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

8.     The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

9.     The telephone system(s), local and long distance services used by Defendant's and its collection employees and agents in the course of their business or in the course of collecting accounts;

10.    The phone systems of Defendant and any monitoring and recording of telephone calls;

11.    The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

12.    The long distance telephone provider used to make calls relating to the herein account;

13.    The factual basis for the Defendant's Answer;

14.    The factual basis for the Defendant's defenses contained in their Answer;

15.    The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection

Practices Act;

16.    The Defendant's compliance with the Fair Debt Collection Practices Act in its collection

businesses;

17.    All documents produced to Plaintiff by Defendant in the course of this case.

18.    The general nature of the Defendant's businesses;

19.    The history, specific details, and resolution of any formal and informal consumer-initiated

complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims,

litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or

otherwise, connected to or arising out of Defendants' consumer debt collection activities, in

the period from three (3) years prior to the date of this notice to the present.

## DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant

must bring the following documents with them to the deposition:

1.    All documents responsive to the Request for Production of Documents and documents

related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts

**John G. Watts**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

-3-

/s/ M. Stan Herring
**M. Stan Herring**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
 (205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Arlene Kvislen_  ☐ Agent  ☐ Addressee<br>B. Received by (*Printed Name*)  C. Date of Delivery<br>Arlene Kvislen   9/2/09 |

1. Article Addressed to:

PROGRESSIVE FINANCIAL SERVICES, INC.

CO CORPORATION SERVICE CO
503 SOUTH PIERRE STREET
PIERRE, SD 57501

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☐ No

CV 09-902785 Sec. Discovery

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
   (*Transfer from service label*)

7009 0820 0000 0327 5883

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE

• Sender: Please print your name, address, and ZIP+4 in this box •

SEP 0 8 2009

ANNE-MARIE ADAMS
Clerk

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA  35203