# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KENNY NEWMAN, an individual and KAROL NEWMAN, an individual,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: ) **2:09-cv-01943-JEO** |
| **PROGRESSIVE FINANCIAL SERVICES, INC., a Corporation,** | ) ) ) |
| Defendant. | ) |

## AMENDED COMPLAINT

**COME NOW** the Plaintiffs, by and through counsel, in the above styled cause, and amend[1] their complaint against the Defendant as follows:

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and out of the invasions of Plaintiffs' personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiffs.

---

[1] The complaint is amended with respect to the issues raised in Defendant's Motion To Dismiss which is not a responsive pleading so Rule 15(a) allows this amendment. A "motion to dismiss is not a responsive pleading." *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007) *citing Chilivis v. SEC*, 673 F.2d 1205, 1209 (11th Cir. 1982). *See also Denney v. Nelson*, 304 Fed. Appx. 860 at *4 (11th Cir. 2009)(Holding a motion to dismiss does not take away the entitlement to amend the complaint).



## PARTIES

2. Plaintiff Kenny Newman (hereinafter "Plaintiffs") is a natural person who is a resident of Alabama, and is a "consumer[2]" as that term is defined by 15 U.S.C. § 1692a(3).

3. Plaintiff Karol Newman (hereinafter "Plaintiffs") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Progressive Financial Services, Inc., ("Defendant" or "Progressive") is a foreign corporation that engages in the business of debt collection. It conducts business in Alabama. Its principal place of business is the State of Pennsylvania and it is incorporated in Pennsylvania.

5. The individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Defendant allegedly purchased or was assigned a debt and began harassing collection activities against Plaintiffs.

7. In August, 2009, Defendant Progressive contacted Plaintiffs and wanted to speak with "Christy" Newman.[3]

---

[2] To the extent Defendant alleges Plaintiffs owe any debt to it, Plaintiffs are "consumers" under the FDCPA.

[3] Plaintiffs do not know the spelling of this woman's name as they do not know any such person and have received no letters from Defendant with the spelling of the name.

8. Plaintiffs repeatedly told Defendant that "Christy" Newman did not live there and Plaintiffs do not know a "Christy" Newman.

9. Defendant has continued the harassing collection activities against Plaintiffs after Plaintiffs have repeatedly told Defendant they do not know "Christy" Newman and it is not their debt.

10. This harassment has been carried out by multiple phone calls to Plaintiffs.

11. The purpose of the calls, after the Defendant knew it had the wrong number, was to harass the Plaintiffs.

12. The method of harassing the Plaintiffs was by repeatedly calling their home and disturbing their privacy and peace.

13. The Defendant intentionally, willfully, and with full malice harassed, annoyed, and otherwise tried to disturb the peace and privacy of the Plaintiffs so as to cause the Plaintiffs to pay this unknown bill for this unknown person.

14. Defendant was not calling multiple times to obtain "location information" for Christy Newman as the FDCPA bars such calls after the third party informs the Defendant it does not or will not give this information out.  Section 1692b(3).

15. Therefore, the only reason Defendant called repeatedly (even after the original complaint was filed) was to harass and annoy the Plaintiffs into paying a debt they did not owe.  Section 1692d.

16. As Defendant knows that Plaintiffs do not know a "Christy" Newman and Defendant still is calling, there is no bona fide error defense and no excuse for violating state law.

17. Defendant continued to call after the lawsuit was filed which demonstrates the improper purpose, motive, and intent of Defendant in attempting to harass Plaintiffs into paying a debt that is not their debt.

18. Supposedly, this is a consumer debt that this abusive debt collector is seeking to collect.

19. The Defendant's website claims its collection motto is "Mediation, not Confrontation."

20. Apparently with respect to the Plaintiffs, the motto has changed to "Harassment until you pay."

21. Defendant's website says the Defendant is "the best you can find in the collection field."

22. Based upon the misconduct towards Plaintiffs, this is untrue.

23. This misconduct has been and continues to be very distressing and upsetting to the Plaintiffs.

24. Plaintiffs have been denied the enjoyment, peace, tranquility, and privacy of their own home due to the invasive, harassing, and abusive phone calls from this Defendant debt collector.

## SUMMARY

25. The above-described collection communication by Defendant and collection agents of Defendant was made in violation of numerous and multiple provisions of the FDCPA.

26. The above-detailed conduct by this Defendant of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiffs.

27. The collection calls by Defendant and its agents caused Plaintiffs enormous stress and anguish as a result of these calls.

28. Defendant's attempt to collect this debt from Plaintiffs and refusal to stop violating the law was an invasion of Plaintiffs privacy and their right to be left alone.

29. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiffs and caused them unnecessary distress.

30. Plaintiffs have suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from

unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of Defendant.

## RESPONDEAT SUPERIOR LIABILITY

31. The acts and omissions of Defendant's agents who communicated with Plaintiffs as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

32. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

33. By committing these acts and omissions against Plaintiffs, these other debt collectors were motivated to benefit their principal the Defendant.

34. Defendant is therefore liable to Plaintiffs through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiffs.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

35. Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

36. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiffs.

38. These violations include Section 1692d (harassment or abuse), particularly 1692d(5).

39. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

40. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

41. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

42. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

43. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

44. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

45. Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by making illegal contact about this debt to third parties, and thereby invaded Plaintiffs' right to financial privacy.

46. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

47. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

48. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

49. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

50. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

51. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

52. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs, and is thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

53. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

54. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

55. Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

56. It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

57. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

58. Defendant invaded the privacy of Plaintiff as set forth in Alabama law.

59. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

60. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment in excess of $75,000 be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- for such other and further relief as may be just and proper.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT III.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT IV.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

                                    Respectfully Submitted,

                                    /s/ John G. Watts
                                    **John G. Watts (**ASB-5819-T82J**)**
                                    Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
 (205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

                                    /s/ M. Stan Herring
                                    **M. Stan Herring (**ASB-1074-N72M**)**
                                    Attorney for Plaintiff

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

## **PLAINTIFFS DEMAND A TRIAL BY JURY**

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the foregoing pleading through this court's electronic filing and notification system on this the 6th day of November, 2009.

                                      /s/ John G. Watts
                                      Attorney for Plaintiff